IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLSTATE INSURANCE CO.,** | : | |
| | : | **CIVIL ACTION** |
| | : | **NO. 23-2480** |
| v. | : | |
| | : | |
| **NORTHWEST MEDICAL AND** | : | |
| **REHABILITATION CENTER, &** | : | |
| **GREGORY A. NELSON.** | : | |

**McHUGH, J.**                                                                                                          **October 31, 2023**

**MEMORANDUM**

Plaintiff Allstate Insurance Company has obtained an entry of default by the Clerk of Court against Defendants Northwest Medical and Rehabilitation Center and Gregory A. Nelson. It now moves the Court for a default judgment against these Defendants, pursuant to Federal Rule of Civil Procedure 55(b), for failing "plead or otherwise defend" against the Complaint served on them three months ago. I conclude that Plaintiff has adequately alleged breach of contract by these Defendants and sufficiently supported its requested damages. I will therefore grant the Plaintiff's motion for default judgment.

**I.      Background**

In June 2021, Allstate Insurance Company entered into a Confidential Settlement Agreement with Northwest Medical and Rehabilitation Center and its owner, Gregory A. Nelson. Compl. ¶¶ 2, 12, & Ex. A, ECF 1 at 9-15. The relevant terms of the Settlement Agreement required Defendants to pay Allstate a total amount of $250,000 in a series of thirty-eight payments. Compl. Ex. A at 9. More specifically, the parties agreed that Defendants would pay Allstate $50,000 within fifteen days of executing the Agreement, $5,000 on the first day of each month for thirty-six months beginning July 1, 2021, and make a final payment of $20,000 by August 1, 2024. *Id.*

If Defendants failed to make timely payments, the Agreement requires Allstate to provide notice of the breach to Defendants.  *Id.* at 10.  Northwest Medical and Mr. Nelson then have ten days to pay Allstate to cure the breach.  *Id*.  Then, if Defendants have failed to cure the breach, Allstate may enter a pre-executed "Judgment" which accelerates the remainder payments and is "calculated at Two Hundred Fifty Thousand Dollars ($250,000.00) less all payments made by Nelson and Northwest Medical to Allstate." *Id.;* Compl. Ex. B at 16.  The Settlement Agreement explicitly states that failure to timely pay would constitute a material breach of the Agreement.  *Id.*

After not receiving payment from Defendants in January, April, May, and June 2023, Allstate provided notice of the breach to Defendants on May 23, 2023 and provided ten days to cure the breach.  *Id.* ¶29; Ex. C at 20-21.  Allstate also warned Defendants that if the breach were not timely cured, it would pursue legal action as is its right under the Agreement.  *Id.* ¶ 30.  Defendants did not timely remit past due payments to Allstate.  *Id.* ¶ 31.

Plaintiff Allstate filed this complaint on June 28, 2023 alleging that the failure of Northwest Medical and its owner, Mr. Nelson, to make timely payments constitutes a material breach of the Settlement Agreement.  Compl. ¶¶ 23-24; Pl.'s Mot. Entry Def. J. ¶ 1.  The summons and a copy of the Complaint were served on each Defendant on July 5 and the Defendants filed a waiver of service on July 12.  ECF 5-7.  Due to the waiver of service, Defendants had until September 5 to respond to the Complaint.  ECF 6-7.  Defendants have not responded or otherwise made an appearance.  On September 6, Allstate filed a request for default, which the Court of Clerk entered.  ECF 8-9.  Allstate filed this Motion for Entry of Default Judgment on October 5 and properly served Defendants.  ECF 10.  Defendants have not responded, appeared, or otherwise opposed the motion.

**II.      Discussion**

      A. <u>The Sufficiency of Plaintiff's Legal Claim and Supporting Allegations</u>

"When a defendant fails to appear . . . the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred." *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10A Fed. Prac. & Proc. § 2688 (2d ed.)). The Court must then assess if the "unchallenged facts shown of record establish a legally binding obligation," *Pope v. United States*, 323 U.S. 1, 12 (1944), because "a party in default does not admit mere conclusions of law." 10A Fed. Prac. & Proc. Civ. § 2688.1 (4th ed.).

Under Pennsylvania law, "[i]t is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract, and (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016). Plaintiffs have pled and attached to the Complaint a valid contract: a signed Confidential Settlement Agreement, which required Nelson and Northwest Medical to "jointly and severally" pay Allstate a total of $250,000 according to a set payment schedule. Compl. Ex. A, at 9-15. Plaintiff further alleges that Northwest Medical and Nelson breached that contract when they failed to timely pay the required monthly $5,000 payments in January, April, May, and June 2023. Compl. ¶ 23. As required by the contract, Allstate provided notice of the breach to Defendants and gave at least ten days to cure the breach before filing a lawsuit. *Id.* ¶ 25. When Defendants still did not cure the breach or otherwise take action, they filed this lawsuit for

breach of contract. *Id.* ¶¶31-32. Defendants' failure to remit the payments required under the Settlement Agreement has damaged Allstate. *Id.* ¶ 41. Thus, Plaintiff sufficiently alleges a breach of contract.

### B. The Determination to Grant Default Judgment

In addition to finding that the Complaint states a legitimate cause of action, I must separately decide whether to grant default judgment against the Defendants for failing to answer the Complaint. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). A district court must consider three factors in exercising this discretion: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

After analyzing these factors, I conclude that a default judgment against the Defendants is appropriate. First, Plaintiff would be prejudiced if default is denied because Defendants have failed to pay Plaintiff or otherwise respond to this action, causing delay and leaving Allstate with no other means of pursuing its claim against Defendants to enforce the Settlement Agreement. Second, having failed to respond, the Defendants would not seem to have a litigable defense. Defendants entered into a Settlement Agreement clearly requiring a series of payments up to $250,000. Defendants breached the terms of the Agreement by not making timely payments and have not proffered any sort of explanation for the breach. No legal or equitable defense is obvious on the face of the Complaint. And third, Defendants have neither engaged in this litigation nor offered any reason for their failure to appear despite service and waiving service of the Complaint. Defendants also received notice from Allstate of the breach before the Complaint was filed and still failed to take action and have not since tried to cure the breach. Having reviewed the filings,

4

I am satisfied that the Defendants' failure to answer, appear, or in any way respond to the Complaint or the present motion is due to their own culpable conduct.

Moreover, the parties expressly agreed to the remedy in the event of breach in the Settlement Agreement and they pre-executed an Agreed Judgment clearly describing what would happen if Defendants failed to timely pay. *See* Compl. Ex. B at 17-18.

### C. The Calculation of Damages

Finally, in awarding damages on a default judgment where the defendants have failed to answer or appear, I may not take the factual allegations regarding damages in the complaint as true. *Comdyne I*, 908 F.2d at 1149. "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). It is within the discretion of the Court to decide whether further evidence or a hearing is necessary to ascertain if the evidence contained in affidavits and documents in the record is sufficient to establish damages. Fed. R. Civ. P. 55(b).

In total, Plaintiff requests "$100,000, plus interest, costs, and attorney's fees." Pl.'s Mot. Entry Def. J. ¶ 6. As for the request of $100,000, Plaintiff supports its claim through documentary evidence in the Complaint and affidavits attached to the motion for entry of default judgment. Compl. Ex. C; Mot. Entry Def. J. Ex. A & B, at 10-15. Allstate does not allege that Defendants missed the initial payment of $50,000 or that they missed any of the monthly $5,000 payments from July 2021 through December 2022. In 2023, Defendants *only* paid in February and March. Compl. ¶ 23. Thus, Defendants paid Allstate a total of $150,000 ($50,000 plus $90,000 from July 2021 to December 2022 plus $10,000 for February and March 2023) and thus owe a remainder of

$100,000 under the Settlement Agreement total of $250,000. *See, e.g.*, Aff. Christopher Gonzalez, Authorized Representative of Allstate Ins. Co., ECF 10 at 14 (swearing that "the amount currently due . . . to Allstate pursuant to the settlement agreement is One Hundred Thousand Dollars."). I conclude that a request for $100,000 is reasonable and sufficiently documented.

As for attorney's fees and costs, under the American Rule, "each party in a lawsuit ordinarily shall bear its own attorney's fees." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). An enforceable contract can provide an exception to this rule. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975). Here, the Agreed Judgment pre-executed by the Defendants states: "Allstate is entitled to recover all post-judgment costs, reasonable attorney's fees, and other fees and costs incurred by Allstate in connection with the collection, attempted collection, enforcement, and/or attempted enforcement of this Judgment." Compl. Ex. B at 18. As such, the Plaintiff is entitled to reasonable attorney's fees. Allstate, however, has not provided the Court with a specific request for attorney's fees and thus at this juncture, I am unable to award interest, costs, and fees to the Plaintiff. If Allstate would like to recover these costs, as it is entitled to under the Settlement Agreement, it will need to submit a supplemental request with sufficient documentation to justify its demand.

### III.   Conclusion

For these reasons, Plaintiff's motion for default judgment will be granted in full.

   /s/ Gerald Austin McHugh
United States District Judge